UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

In re:

DEAN RICHARD VONGERMETEN,  Case No. 20-25056-gmh

Debtor.  Chapter 13

---

DEAN RICHARD VONGERMETEN,

    Plaintiff,  Adv. Proc. No. 20-2137-gmh

v.

Mark Clauss, et al.,

    Defendants.

---

## DECISION AND ORDER

---

  Chapter 13 debtor Dean Richard Vongermeten filed this adversary proceeding against Planet Home Lending, LLC, its Chief Operating Officer, Suzy Lindblom, Judge Michael J. Piontek, who presided over Planet Home Lending's state-court foreclosure action against Vongermeten, and several lawyers.[1] The defendants have moved to dismiss on several grounds, including contesting this court's jurisdiction over the

---

[1] The court construes as the operative amended complaint in this adversary proceeding a filing titled "adverse counterclaim in exclusive equity jurisdiction" that identifies the plaintiff as "DEAN RICHARD VONGERMETEN WHFIT-ESTATE." Adv. Proc. No. 20-2137, ECF No. 8, at 1. That filing is signed "by vongermeten, dean richard autograph: living man, heir, beneficiary, grantee, agent, representative, private citizen, american national living within a private, occupied space, outside the United States in a non-military jurisdiction for DEAN RICHARD VONGERMETEN WHFIT-ESTATE c/o 1921 Thurston Avenue, Racine, Wisconsin republic." *Id.* at 7. For ease of explication this decision and order refers to the plaintiff as "Vongermeten" and uses that same term to refer to the debtor in the underlying bankruptcy case, Case No. 20-25056.

adversary proceeding. ECF Nos. 15 & 16. Vongermeten has objected. This decision and order rules that this court lacks jurisdiction over Vongermeten's affirmative claims against the defendants, although there is jurisdiction to adjudicate Vongermeten's objections to the claim Planet Home Lending filed in his bankruptcy case.

I

Before Vongermeten commenced his bankruptcy case Planet Home Lending obtained a judgment against him in a Wisconsin circuit court to foreclose a mortgage on his Racine residence. *Planet Home Lending, LLC v. Von Germeten*, No. 2019CV001616 (Racine Cty. Cir. Ct. Feb. 14, 2020) and Adv. Proc. No. 20-2137-gmh, ECF No. 16, at 22–25. Vongermeten appealed. The appeal is pending in the Wisconsin Court of Appeals.[2] *Planet Home Lending, LLC v. Von Germeten*, Appeal No. 2020AP000566.

In this adversary proceeding Vongermeten sues Planet Home Lending and various persons who either are (or were) affiliated with Planet Home Lending or otherwise involved in the foreclosure action, including Judge Piontek who presided over it. Adv. Proc. No. 20-2137, ECF Nos. 8 & 15, at 1. Vongermeten requests that this court declare that (a) Planet Home Lending cannot prove that Vongermeten owes it a debt or has a right to foreclose on his residence; (b) Vongermeten has already paid Planet Home Lending by virtue of documents and actions taken in earlier proceedings or otherwise; (c) the state-court foreclosure proceedings violated his due process rights and were conducted fraudulently; (d) he is not obligated to pay Planet Home Lending with any specific currency; instead, he may pay it by "issu[ing] payment instruments (notes, bills-of-exchange, money orders) via public law", which he claims he did by taking the following actions: (i) "filed numerous tender payable via us treasury that defendant mark clauss [Planet Home Lending's lawyer in the state court] received";

---

[2] Vongermeten also sued Planet Home Lending in the United States District Court for the Eastern District of Wisconsin. *Von Germeten v. Planet Home Lending LLC*, No. 17-cv-00167-PP (E.D. Wis.). The district court dismissed the case, and the Seventh Circuit Court of Appeals affirmed. *Id.*, ECF Nos. 121 & 139.

(ii) "filed gsa bonds (twice) into racine county court case"; (iii) sent a "bill-of-exchange" to Judge Piontek that "he refused to process . . . or allow [Vongermeten] to settle via his trust agency"; and (iv) sending a "promissory note" to an officer at Planet Home Lending to "satisfy the account", making any further attempts to collect this debt a fraud on the court, ECF No. 8, at 2–3; (e) Planet Home Lending received his money order for full settlement and closure, which it negotiated on January 8, 2019, thus satisfying any debt to it; (f) defendants Mark Clauss, Matthew Lynch (chief legal counsel for the Wisconsin Department of Financial Institutions), and Judge Piontek committed fraud and violated his federal rights by favoring Planet Home Lending in the state-court proceedings, including by ordering the expungement of financing statements and other documents Vongermeten filed; and (g) the state court improperly excluded evidence of irregularities at the closing of the mortgage loan.[3] ECF No. 8, at 2–5.

---

[3] His amended adversary complaint concludes with this prayer for relief:

> petitioner prays for relief from all bogus claims of a debt owed, and that his homestead be safe harbor and protected from same in perpetuity. petitioner prays his prior tenders, bills-of-exchange per twea, gsa bonds, cashed postal money order, promissory note to suzy lindblom, valid, lawful lien against mark clauss and michael dubeck for set-off, prove clean hands, willingness to do equity and be credited to close and settle this cause, should the court deem said payment due. petitioner requests recoupment of the value of his securities that alleged creditor holds on [its] liability side ledger and return the note and its value as was obtained by theft/subterfuge (not abandoned, not a gift) and without commensurate consideration. petitioner also requests vacation of prior court judgements and any damages and attorney fees the court may deem just and equitable award for unlawful acts by the defendants in violation of my due process and constitutional rights. petitioner also requests a forensic audit of all my court cases and their bonds prior to this one. petitioner asserts his competency, age of majority and qualified status to claim his estate securities, and assets being held by state and federal trustees in said accounts. petitioner requests a full audit to establish their value and my rights over said trust/estate assets being held, to be released into my hands and use, under a new trustee to be appointed, to which petitioner has ready access for expeditious settlement of all claims and expenses in future, and that an ATM card with $100,000.00 per day credit line be Issued to petitioner to cover my daily needs, that a name decree be issued for claiming my original birth name Dean Richard Von Germeten.

ECF No. 8, at 6. (alternations in punctuation; nonstandard capitalization in original).

II

A

In requesting dismissal the defendants contend, among other things, that the *Rooker-Feldman* doctrine deprives this court of jurisdiction over Vongermeten's adversary proceeding. See *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).[4] The *Rooker-Feldman* "doctrine precludes federal district-court jurisdiction 'over cases brought by state court losers challenging state court judgments rendered before the district court proceedings commenced.'" *Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020) (quoting *Sykes v. Cook Cty. Circuit Court Prob. Div.*, 837 F.3d 736, 741 (7th Cir. 2016)); see also *Skinner v. Switzer*, 562 U.S. 521, 531–32 (2011); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005). The doctrine applies equally to bankruptcy proceedings like this one. *Jacobson v. Wells Fargo Bank, N.A. (In re Jacobson)*, 614 B.R. 321, 325–26 (Bankr. E.D. Wis. 2020); see also *In re Lisse*, 921 F.3d 629, 640 (7th Cir. 2019).

Vongermeten does not dispute that he lost in state court. To the contrary, that is the gist of much of his complaint. Nor could he so contend: Planet Home Lending's judgment against him is a matter of public record. He instead argues that this court may entertain his claims because he alleges that the state-court judgment is void and the defendants conspired to commit fraud and other wrongful acts against him, including through the state-court lawsuit. Adv. Proc. No. 20-2137, ECF No. 13.

Whatever their merits these allegations are ones that binding precedent deems "'inextricably intertwined' with [the] state court judgment". *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004) (quoting *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th

---

[4] The court first raised this jurisdictional issue with Vongermeten at an October 20 hearing in his main bankruptcy case and afforded him an opportunity to file a memorandum addressing it. Case No. 20-25056, ECF No. 80, at 2–3. The court considered Vongermeten's response before issuing this decision and order.

Cir. 2002)). As a result, they are subject to *Rooker-Feldman*'s jurisdictional bar, because "even federal claims that were not raised in state court, or that do not on their face require review of a state court's decision, may be subject to *Rooker-Feldman* if those claims are closely enough related to a state-court judgment." *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017). As noted by the Seventh Circuit, if the court "were to delve into the question whether fraud tainted the state court's judgment, the only relief we could give would be to vacate that judgment. That would amount to an exercise of *de facto* appellate jurisdiction, which is not permissible." *Id.* at 676.

The Seventh Circuit's recent application of the *Rooker-Feldman* doctrine in *Bauer v. Koester*, 951 F.3d 863, controls the outcome here. After losing a foreclosure action in state court Donald and Lauretta Bauer and two of their children (collectively, the "Bauers") sued in federal court "many of the people and entities involved in the foreclosure: Donald and Lauretta's attorneys, the attorneys for the foreclosing plaintiffs, the bank that maintained an escrow account at issue and its employees, the state-court clerk and deputy clerks, and the judge who presided over the foreclosure proceedings." *Id.* at 865. The Bauers alleged that participants in the state-court action violated their rights under federal law. When the defendants sought dismissal on *Rooker-Feldman* grounds, the Bauers argued that *Rooker-Feldman* did not apply "because they d[id] not seek to set aside the state court's order of foreclosure or the monetary judgment against them. Instead, they mean[t] to challenge the 'collection practices' of the defendants and their collusion to introduce forged evidence". *Id.* at 866. They further argued that the doctrine did not apply because it "d[id] not bar federal review of a fraud-based claim like theirs in which the defendants 'so far succeeded in corrupting the state judicial process as to obtain a favorable judgment.'" *Id.* (quoting *Nesses v. Shepard*, 68 F.3d 1003, 1005 (7th Cir. 1995)). The Seventh Circuit disagreed and affirmed the district court's order dismissing the case for lack of jurisdiction. *Id.* at 867–68.

The Bauers' claims are akin to Vongermeten's: like the Bauers, Vongermeten

alleges that the foreclosure judgment his mortgage creditor obtained from the state court is the result of fraud and wrongful acts by the creditor, its lawyers, and the state court judge, which violated his due process rights. Notably, Vongermeten's allegations and requests for relief against Judge Piontek, Matthew Lynch, and others involved in the state-court foreclosure proceeding would require contradicting the state-court judgment, and, as in *Bauer*, these allegations and requests challenge how the state court conducted the proceedings and ruled rather than alleging an entirely corrupt judicial process. Compare Adv. Proc. No. 20-2137, ECF No. 8, at 3 (alleging "defendant mark clauss committed fraud on the court, racine county number 2009cv001616 by withholding above evidence, unlawfully filing foreclosure proceedings, using petitioner's name in violation of private agreement, and feloniously requesting and obtaining expungement of 21 public documents, without precedent, petitioner lawfully filed into county and state public records, in collusion with matthew lynch, chief legal counsel for wdfi (expungement of UCC filings) and racine county magistrate and judge michael j. piontek, and otherwise participating in a violation of petitioner's due process rights of discovery and cross-examination, prohibiting petitioner's further filings while accepting and granting defendant mark clauss' wish list or orders, personal bias, failure to swear in the parties, threatening petitioner with incarceration for expressing his rights, all violations of petitioner's trust.") with *Bauer*, 951 F.3d at 866–87 (allegations that "the state-court judge and the clerk's office allowed the foreclosure plaintiffs to issue baseless citations to discover assets—a means to extort money without an underlying judgment", that "the defendants, including the state-court judge, had conspired to introduce a forged [document] . . . into evidence during the foreclosure trial", and that the state court issued "decisions regarding the supposedly forged exhibit and the citations to discover assets" does not avoid the *Rooker-Feldman* jurisdictional bar).

While most of the defendants in this adversary proceeding were not parties to the state-court action, *Bauer* holds that a dissimilarity in parties does not preclude

application of the *Rooker-Feldman* doctrine. 951 F.3d at 868 ("But whether any defendant was a party to the state-court action is a consideration under the doctrine of claim preclusion, not *Rooker-Feldman*."). *Bauers*' application of the *Rooker-Feldman* doctrine thus requires dismissal of all defendants from this adversary proceeding except Planet Home Lending, because, as discussed below, the court has jurisdiction over the adversary proceeding to adjudicate Vongermeten's objections to Planet Home Lending's claim in the bankruptcy case.

B

Vongermeten argues that *Rooker-Feldman* is inapplicable to this adversary proceeding because this court may exercise "exclusive equity jurisdiction" over the proceeding. Adv. Proc. No. 20-2137, ECF No. 8, at 1 ("petitioner [Vongermeten] invokes a court of exclusive equity jurisdiction"). More specifically, he contends that the court has jurisdiction as "an article 3 section 2 clause 1 court of EXCLUSIVE EQUITY as guaranteed by the constitution" (Case No. 20-25056, ECF No. 36, at 1; see also Case No. 20-25056, ECF Nos. 28, at 2; 44, at 1; 45, at 1–2 and 5–7; 46, at 2; 57, at 4; 73, at 2; 85, at 1; 88, at 1; 95-1, at 2; 100, at 1; 103, at 10 & 24; and Adv. Proc. No. 20-2137, ECF No. 8) and requests that "these proceedings be sealed, in chambers, by/within an Article III, Section 2, subsection 1 judge"; Case No. 20-25056, ECF No. 28, at 2; see also Case No. 25056, ECF No. 100, at 1. Under this "exclusive equity jurisdiction," Vongermeten asserts that he may "lodge[] index funds into the court, an equitable security and gsa bonds as well, the clerk *shall* encash with the bureau of public debt, or by another option presented, pay the trustee, settle with claimants and remit to [Vongermeten] the difference, upon claimants proving their claim." Adv. Proc. No. 20-2137, ECF No. 13, at 3. Vongermeten insists that the "source of [this] judicial authority is NOT [a] statute." *Id.* at 8 (bold and underline omitted).

Bankruptcy courts, however, are creatures of statute. 28 U.S.C. §151. This court's jurisdiction only extends to "cases under title 11" of the United States Code, and "all

civil proceedings arising under title 11, or arising in or related to cases under title 11". 28 U.S.C. § 1334(a) & (b); see also 28 U.S.C. §157(a) ("Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.").

The Supreme Court has made clear, moreover, that this court's jurisdiction is limited to that afforded by these statutes. *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995) ("The jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute."); see also *Wis. Dept. of Indus., Labor & Human Relations v. Marine Bank Monroe (In re Kubly)*, 818 F.2d 643, 645 (7th Cir. 1987) ("Like other federal courts, a bankruptcy tribunal is one of limited jurisdiction. Its power must be conferred, and it may not be enlarged by the judiciary because the judge believes it wise to resolve the dispute."). What is more, "bankruptcy courts possess no free-floating authority to decide claims traditionally heard by Article III courts." *Wellness Intern. Network, Ltd. v. Sharif*, 135 S .Ct. 1932, 1945 (2015). And, although section 105(a) of the Bankruptcy Code affords a bankruptcy court authority to issue orders "necessary or appropriate to carry out the provisions of" the Bankruptcy Code, that section neither creates jurisdiction nor authorizes action in the absence of jurisdiction vested by statute. See, e.g., *Law v. Siegel*, 571 U.S. 415, 421 (2014) ("'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code.") (quoting *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988)).

The *Rooker-Feldman* doctrine limits this court's statutory jurisdiction. See *Feldman*, 460 U.S. at 486 (federal trial courts "do not have jurisdiction, however, over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme] Court."); see also

*Schouten v. Jakubiak (In re Jakubiak)*, 591 B.R. 364, 372 (Bankr. E.D. Wis. 2018) ("*Rooker-Feldman* is the doctrinal call sign for the fact that title 28 of the United States Code primarily gives federal trial courts original, as opposed to appellate, jurisdiction."). Because the *Rooker-Feldman* doctrine applies here, this court lacks jurisdiction, even any "exclusive equity jurisdiction" over Vongermeten's affirmative claims against the defendants. To the extent that the state appellate courts do not grant Vongermeten relief, his remedy for any deprivation of rights secured by federal law lies exclusively in the Supreme Court of the United States. See 28 U.S.C. §1257.

III

The *Rooker-Feldman* doctrine does not, however, deprive this court of jurisdiction to hear Vongermeten's challenges to the secured claim that Planet Home Lending filed in Vongermeten's bankruptcy case. When Planet Home Lending, the state-court winner, filed its proof of claim in Vongermeten's bankruptcy case it invoked this court's statutory jurisdiction to adjudicate the "allowance or disallowance of claims against the estate", 28 U.S.C. §157(b)(2)(B), arising in or under the Bankruptcy Code. 28 U.S.C. §§157(b)(1) & (2) & 1334(a) & (b). Federal Rule of Bankruptcy Procedure 3007(b) allows Vongermeten to pursue his objections to Planet Home Lending's bankruptcy claim in this adversary proceeding. Accordingly, the court has subject-matter jurisdiction over Vongermeten's objections to Planet Home Lending's claim.

IV

For these reasons, it is ORDERED that this adversary proceeding is dismissed for lack of jurisdiction as to defendants Suzy Lindblom; Gray & Associates, LLP; Mark Clauss; Jay Pitner; Christopher Drout; Michael J. Piontek; and Matthew Lynch.

It is further ORDERED that to the extent not adjudicated by this decision and order, Planet Home Lending's motion to dismiss is held in abeyance pending the court's ruling on whether to abstain from adjudicating any remaining claims in this adversary proceeding and dismiss it entirely pursuant to 28 U.S.C. §1334(c)(1).

January 5, 2021

_____
G. Michael Halfenger
Chief United States Bankruptcy Judge