So Ordered.

Dated: April 14, 2021



G. Michael Halfenger
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | |
| DEAN RICHARD VONGERMETEN, | Case No. 20-25056-gmh |
| Debtor. | Chapter 13 |

| | |
|---|---|
| DEAN RICHARD VONGERMETEN, | |
| Plaintiff, | Adv. Proc. No. 20-2137-gmh |
| v. | |
| Mark Clauss, et al., | |
| Defendants. | |

**DECISION AND ORDER DENYING DEBTOR-PLAINTIFF'S (1) MOTION TO ALTER OR AMEND THE MARCH 12, 2021 DECISION AND ORDER; (2) REQUEST FOR DIRECT CERTIFICATION PURSUANT TO 28 U.S.C. §158(d)(2); AND (3) MOTION TO WAIVE THE FEE FOR FILING THE APPEAL**

On January 5, 2021, the court entered a decision and order in adversary proceeding 20-2137 dismissing the claims against all defendants except Planet Home Lending LLC for lack of jurisdiction. Adv. Proc. No. 20-2137, ECF No. 26. On March 12, 2021, the court entered a decision and order (1) dismissing debtor Dean Vongermeten's

bankruptcy case pursuant to 11 U.S.C. §§ 305(a)(1) and 1307(c); (2) denying debtor's motion to reconsider the January 5 decision and order in the adversary proceeding; and (3) abstaining and dismissing the remaining claims in adversary proceeding 20-2137 pursuant to 28 U.S.C. §1334(c)(1). Case No. 20-25056, ECF No. 120; Adv. Proc. No. 20-2137, ECF No. 42. The court also entered a separate order on March 12 that denied the debtor's requests to remove the chapter 13 trustee and denied the debtor's February 24 request for commencement of criminal proceedings. Case No. 20-25056, ECF No. 121.

On March 24, 2021, debtor-plaintiff Vongermeten filed a document he labeled, in part, a notice of appeal; the court construed this filing as a notice of appeal of both the March 12 orders and docketed it in both the bankruptcy case and the adversary proceeding. Case No. 20-25056, ECF No. 126, Adv. Proc. No. 20-2137, ECF No. 46. The clerk of court transmitted the notice of appeal in the bankruptcy case and the adversary proceeding to the United States District Court for the Eastern District of Wisconsin as required by Federal Rule of Bankruptcy Procedure 8003(d)(1). Case No. 20-25056, ECF No. 128; Adv. Proc. No. 20-2137, ECF No. 49.

Since the dismissal and subsequent appeal, the debtor-plaintiff has filed several other documents. The court construes these documents collectively as requesting (1) alteration or amendment of the court's March 12, 2021 orders and (2) certification of his appeal for direct review by the Seventh Circuit Court of Appeals under 28 U.S.C. §158(d)(2). The debtor separately filed a request to proceed with his appeal without paying the filing fee for the appeal.

The court denies these requests for the following reasons.

I

The debtor-plaintiff's filings in the main case docketed as numbers 124–26, 134, 137-39, and 141–43 and in the adversary proceeding as numbers 44–46, 50, 53, 56–58, and 61–62 appear to request, at least in part, that the court alter or amend the March 12 orders. See, e.g., Case No. 20-25056, ECF Nos. 124–27, 134, 137–39, and 141–43; Adv. 45,

46, 50, 53, 56–58, and 61–62.

     This decision and order adjudicates the debtor-plaintiff's request for relief from the March 12 dismissal order.* The debtor-plaintiff filed at least the first request for that relief within 14 days of March 12, the date the clerk entered the dismissal order. See ECF No. 125; see also ECF No. 126. The request for relief from the dismissal order is therefore governed by Federal Rule of Civil Procedure 59(e) (incorporated into these proceedings by Federal Rule of Bankruptcy Procedure 9023). See *Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166–67 (7th Cir. 1995) (explaining that the Seventh Circuit has adopted a "bright-line rule" treating under Rule 59(e) all post-judgment motions made within the time allowed to file a Rule 59(e) motion and under Rule 60(b) all post-judgment motions that are filed after the deadline to file a Rule 59 motion expires); see also Fed. R. Bankr. P. 9023 (incorporating Rule 59 into these proceedings but stating that "[a] motion for a new trial or to alter or amend a judgment shall be filed . . . no later than 14 days after entry of judgment.").

     "'Rule 59(e) allows the movant to bring to the [ ] court's attention a manifest error of law or fact, or newly discovered evidence.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000) (internal citation and quotation marks omitted)). "[T]he function of a motion pursuant to Rule 59(e) is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Yorke v. Citibank, N.A. (In re BNT Terminals, Inc.)*, 125 B.R. 963, 977 (Bankr. N.D. Ill. 1990).

---

* This decision and order's denial of post-judgment relief from the order dismissing the bankruptcy case and the adversary proceeding makes it unnecessary to address separately the debtor-plaintiff's requests for relief from the March 12 order denying his requests to remove the chapter 13 trustee and his request for commencement of criminal proceedings. The dismissal of the bankruptcy case and adversary proceeding leaves no vehicle in which the debtor-plaintiff could pursue those additional avenues, even if they were otherwise available.

The court has reviewed the debtor-plaintiff's voluminous post-March 12 filings. These filings restate arguments that he has already made or could have made during this case and adversary proceeding. None of them show a manifest error of law or fact, nor do they claim the discovery of new evidence. The debtor-plaintiff's request for reconsideration of the dismissal order under Rule 59 is therefore denied.

In two of his post-dismissal filings the debtor-plaintiff cites Federal Rule of Civil Procedure 60. See ECF Nos. 126, at 2 (filed within 14 days of the March 12 order) and 137, at 10-15 (filed more than 14 days after the March 12 order). The Rule 60 standard for relief from a final order is generally more onerous than the standard for seeking relief under Rule 59. As noted in *Helm*, "Rules 59(e) and 60(b) provide for different motions directed to similar ends. Rule 59(e) governs motions to 'alter or amend' a judgment; Rule 60(b) governs relief from a judgment or order for various listed reasons. Rule 59(e) generally requires a lower threshold of proof than does 60(b), but each motion seeks to erase the finality of a judgment and to allow further proceedings." *Helm*, 43 F.3d at 1166. Under the circumstances presented here, the denial of relief under Rule 59 requires denial of the request for that same relief under Rule 60(b).

For completeness sake, however, I have considered the debtor-plaintiff's requests for relief separately under Rule 60. Rule 60(a) allows for relief from a "clerical mistake or a mistake arising from oversight or omission . . . .". The debtor-plaintiff has not shown such a mistake.

Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (made applicable here by Fed. R. Bankr. P. 9024). None of the debtor-plaintiff's post-dismissal filings describe facts or law that satisfy any of Rule 60(b)(1)–(6)'s grounds for relief from a final order: the dismissal order, among other things, has not been shown to be the product of mistake; unappreciated evidence; fraud, misrepresentation, or misconduct; it has not been shown to be void or based on judgments that have been satisfied, released, discharged, reversed or vacated; nor has the debtor-plaintiff shown any reason that justifies relief from that order. Relief under Rule 60 must therefore be denied.

II

On March 25, 2021, the debtor-plaintiff filed a document labeled "Notice of Appeal to United States Bankruptcy Court of Appeals for the 7th Circuit". Case No. 20-25056, ECF No. 129 and Adv. Proc. No. 20-2137, ECF No. 50. The court construes this filing as requesting certification of his appeal of the March 12 orders directly to the Seventh Circuit Court of Appeals pursuant to 28 U.S.C. §158(d)(2). Creditor-defendant Planet Home Lending objects to that request. Case No. 20-25056, ECF No. 135, Adv. Proc. No. 20-2137, ECF No. 54.

While this court's final orders are typically reviewed on appeal by the District Court for the Eastern District of Wisconsin, as provided in 28 U.S.C. §158(a), §158(d)(2)(A) of title 28 provides:

(2)(A) The appropriate court of appeals shall have jurisdiction of appeals

> . . . if the bankruptcy court . . . acting . . . on the request of a party to the . . . [final] order [being appealed] . . . certif[ies] that–
>
> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> (iii) an immediate appeal from the judgment, order or decree may materially advance the progress of the case or proceeding in which the appeal is taken . . . .

If a party requests and the bankruptcy court determines that any of these three circumstances exists, "then the bankruptcy court . . . shall make the certification described in subparagraph (A)." 28 U.S.C. §158(d)(2)(B).

The debtor-plaintiff has not demonstrated that his appeal meets the requirements of 28 U.S.C. §158(d)(2)(A). The March 12 orders do not involve a matter of public importance or a question of law for which there is no controlling decision or that involves resolution of conflicting decisions. Consideration of the appeals by the court of appeals will not "materially advance the progress of the case or proceeding" because this court's dismissal of the bankruptcy case under 11 U.S.C. §305(a) "is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of title 28 or by the Supreme Court of the United States under section 1254 of title 28." 11 U.S.C. §305(c). As for his appeal from this court's dismissal of the adversary proceeding, §1334 of title 28 affords the bankruptcy court the discretion to abstain from adjudicating adversary proceedings in the interests of justice and comity, see 28 U.S.C. §1334(c)(1), and, §1334(d) also makes these orders unreviewable by the court of appeals, stating, "[a]ny decision to abstain . . . made under subsection (c) . . . is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title."

Because the March 12 dismissal order dismissed the bankruptcy case and the adversary proceeding on grounds that Congress has made unreviewable by the courts of appeals, certifying the debtor-plaintiff's appeal to the court of appeals makes no sense.

Additionally, the court's dismissal of the bankruptcy case under §305 was discretionary. See 11 U.S.C. §305(a) ("The court . . . may dismiss a case under this title . . . ."); see also *Cash Currency Exch., Inc. v. Shine (In re Cash Currency Exch., Inc.)*, 762 F.2d 542, 556 (7th Cir. 1985) ("Once [the bankruptcy] court determined it had jurisdiction, the decision whether to abstain became an unreviewable exercise of discretion."). And "[i]t is well-settled that 'bankruptcy judges have discretion to dismiss an adversary proceeding after the underlying bankruptcy case has ended.'" *Gilliland v. Fifth Third Mortg. Co.*, Nos. 1:14-cv-02054-SEB-DKL, 1:14-cv-02055-SEB-DKL, 2015 WL 5785702, at *6 (S.D. Ind. Sept. 30, 2015) (quoting *Dye v. Deutsche Bank National Trust Co. (In re Dye)*, 448 Fed. Appx. 625, 628–29 (7th Cir. 2011)), aff'd mem. sub nom. *Gilliland v. Fifth Third Mortg. Co. (In re Gilliland)*, 642 Fed. Appx. 618 (7th Cir. 2016) (unpublished). The debtor-plaintiff's appeal appears to present in the first instance an impenetrable application of discretion rather than issues of law. This too makes certifying the appeal for direct review unwarranted.

Finally, the debtor-plaintiff has not complied with the procedure for certifying an appeal from the bankruptcy court to the circuit court. That procedure is governed by Federal Rule of Bankruptcy Procedure 8006(f)(2), which requires a request for certification to include "(A) the facts necessary to understand the question presented; (B) the question itself; (C) the relief sought; (D) the reasons why the direct appeal should be allowed, including which circumstance specified in 28 U.S.C. §158(d)(2)(A)(i)-(iii) applies; and (E) a copy of the . . . order . . . and any related opinion or memorandum." The debtor-plaintiff's request for certification includes none of these.

For these independently sufficient reasons, the motion for a direct certification of

the appeal pursuant to 28 U.S.C. §158(d)(2) is denied.

III

The debtor-plaintiff filed an application to proceed with his appeal without paying the $298 filing fee. Section 1930(f) of title 28 governs requests to waive fees in bankruptcy cases. Section 1930(f)(1) and (2) are limited to fees imposed in chapter 7 cases, so they are inapplicable in this chapter 13 case and related adversary proceeding. Section 1930(f)(3), however, provides that the bankruptcy court is not restricted "from waiving, in accordance with Judicial Conference Policy, fees prescribed under this section for other debtors and creditors."

Even if a waiver of the fee for filing an appeal is available under §1930(f), Judicial Conference Policy provides that "fees scheduled by the Judicial Conference under 28 U.S.C. §§ 1930(b) and (c) may be waived, in the discretion of the court, for an individual debtor . . . for whom the totality of circumstances during the pendency of the case and appeal warrant such waiver upon request." 4 Guide to Judiciary Policy §820.40(a), available at https://www.uscourts.gov/rules-policies/judiciary-policies/bankruptcy-case-policies (last visited April 8, 2021). The totality of the circumstances in this case do not warrant a waiver of the fee for filing an appeal of the March 12 orders. As noted by this court previously, "this case reflects only the debtor's pertinacious continuation of his litigation against Planet Home Lending". Case No. 20-25056, ECF No. 120, at 11. The debtor-plaintiff never made a single payment to the chapter 13 trustee and never filed a plan that proposed payment on any allowed claims. His suggestion that he can use other purported financial instruments to set off the amount he owes Planet Home Lending is one that, if correct, can be accomplished outside of bankruptcy. The debtor-plaintiff's desired undertaking—to continue in the bankruptcy court a two-party dispute finally adjudicated in state court—is one that does not advance a reorganizational purpose of the debtor or serve the interests of

creditors. See *Pennino v. Evergreen Presbyterian Ministries (In re Pennino)*, 299 B.R. 536, 539 (B.A.P. 8th Cir. 2003) ("When determining whether abstention is appropriate, courts look at the following factors: (1) whether the case is a two-party dispute, (2) the economy and efficiency of administration; (3) the availability of another case or forum to protect the interests of the parties; (4) alternative means of achieving equitable distribution of assets, and (5) the purpose for which bankruptcy jurisdiction has been sought."). The likelihood of success on the merits of the debtor-plaintiff's appeal is low, and the totality of the circumstances does not justify waiving the fee to file an appeal.

That leaves 28 U.S.C. §1915 as the sole available authority to waive the fee. 28 U.S.C. §1915. Section 1915 may be the exclusive domain of the district court. See *In re Richmond*, 247 Fed. Appx. 831, 833 (7th Cir. 2007) (unpublished) ("we will leave for another day the resolution of whether a bankruptcy court has the authority to act as a 'court of the United States' under section 1915(a)"). But to the extent that this court has the authority to grant a waiver under §1915, *Bastani v. Wells Fargo Bank, N.A.*'s reasoning cautions against granting one in this chapter 13 case: "a person who tells the bankruptcy court that she qualifies under Chapter 13 cannot persuade a court of appeals that she lacks money for judicial fees. This leads us to conclude that debtors in Chapter 13 cases cannot proceed on appeal *in forma pauperis* under §1915, in the absence of extraordinary circumstances that we do not foresee." 960 F.3d 976, 978 (7th Cir. 2020). The debtor-plaintiff has not shown extraordinary circumstances that warrant a fee waiver under §1915.

IV

For the reasons stated above, the court hereby ORDERS as follows:

1. The debtor-plaintiff's requests to alter or amend the March 12 dismissal order are denied. Because the bankruptcy case and adversary proceeding have been dismissed and post-judgment relief has been denied, this court will not act on

additional requests for relief from the order dismissing the bankruptcy case or the adversary proceeding or other relief that would require continuing either the bankruptcy case or the adversary proceeding, regardless how the request may be captioned or styled. To the extent that the debtor-plaintiff has requested any additional relief from this court after the March 12 dismissal of these proceedings, those requests do not warrant separate consideration, are denied as meritless, and are also denied for the reasons supporting the court's decisions abstaining from adjudicating the bankruptcy case and the adversary proceeding.
2. The debtor-plaintiff's request that the court certify his appeals to the Seventh Circuit Court of Appeals pursuant to 28 U.S.C. §158(d)(2) is denied.
3. The debtor-plaintiff's request to waive the fee for filing a notice of appeal is denied without prejudice to his requesting the district court's permission to proceed *in forma pauperis* under 28 U.S.C. §1915.

# # # # #